# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Thomas Curtis,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>State of Washington Inc., et al.<br><br>　　　　　　Defendants. | Case No. 2:20-cv-02252-RFB-BNW<br><br>**ORDER** |

Pro se plaintiff Thomas Curtis filed documents initiating this case on December 11, 2020. (ECF No. 1.) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

**I.    ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Plaintiff alleges that in June of 2019, Ms. Rabchenko's boyfriend was driving Ms. Rabchenko's car on Las Vegas Boulevard. He alleges Ms. Rabchenko was a passenger in the car. He claims Ms. Rabchenko's boyfriend crashed into a vehicle in which he was a passenger. He alleges that Ms. Rabchenko was negligent by allowing her boyfriend to drive her car, knowing that her boyfriend was (1) not insured and (2) drunk or medicated while driving. He also alleges that Ms. Rabchenko failed to report the accident. Lastly, he seems to allege that Ms. Rabchenko did not use her insurance company—State of Washington, Inc., Arnold and Smith Insurance—to cover these claims. Instead, she used Bristol West Inc. as insurance, which constituted a fraudulent act.

The named defendants are Tessie Rabchenko and State of Washington, Inc., Arnold and Smith Insurance. Plaintiff alleges three different "claims:" (1) personal liability injury, (2) double treble damages, and (3) failing to report an accident. It appears plaintiff is alleging all three claims against both defendants.

### Claim I: Personal Liability Injury

The court construes this claim as a negligence claim against Ms. Rabchenko and her insurance company (which Plaintiff alleges is State of Washington, Inc., Arnold and Smith

Insurance). Negligence requires a plaintiff to establish (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the breach caused the plaintiff injury; and (4) the injury resulted in damages. *Sadler v. PacifiCare of Nev., Inc.*, 340 P.3d 1264, 1267 (2014). Here, Plaintiff alleges Ms. Rabchenko owed plaintiff a duty of care to ensure that her boyfriend, who was uninsured, not drive a vehicle while drunk or under the influence of medications. He next alleges that this duty was breached by allowing her boyfriend to drive. Plaintiff alleges that this breach resulted in an accident. Lastly, Plaintiff alleges he is entitled to "pain and suffering," but does not state what injuries he sustained, physical or otherwise. Accordingly, Plaintiff pleads facts sufficient to make out the first three elements of a negligence claim against Ms. Rabchenko but not the fourth element.

As to State of Washington, Inc., Arnold and Smith Insurance, Plaintff must plead facts to support the theory under which the insurance company is a named defendant. It is not clear to the court why State of Washington, Inc., Arnold and Smith Insurance would be a named defendant under a negligence theory, as Plainitff alleges that is not Ms. Rabchenko's insurance company.

In addition, what is not clear from the complaint is whether Plaintiff has already been compensated by an insurance company—irrespective of which one—for the damages caused by this car accident. To explain, Plainitff alleges that Ms. Robchenko used Bristol West Inc. as the insurance to cover these damages and that this constituted fraud because her insurance is actually State of Washington Inc., Arnold and Smith Insurance.

Lastly, but importantly, the Court notes that it is not clear whether subject matter jurisdiction exists over this case. Plaintiff filed this case in federal court and seems to be invoking diversity jurisdiction. Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. 18 U.S.C. § 1332. Plaintiff must clearly indicate in his next pleading whether he is a resident of Nevada (it appears he is) and the residency of the defendants. In addition, his prayer for relief (discussed below) must indicate whether the amount he seeks exceeds $75,000, exclusive of interest and costs.

Accordingly, the court will order Claim I dismissed without prejudice and allow Plaintiff to amend the complaint.

**Claim 2:  Double Treble Damages**

Plaintiff pleads double treble damages as a claim. Treble damages is not a claim but a form of relief that Plaintiff is seeking. As a result, Plaintiff may not state a claim for double treble damages but may add it as a request for relief at the end of a future pleading (assuming he has a valid basis for seeking this relief). . The court notes that Plaintiff cites to Nev. Rev. Stat. § 42.005 as the statute allowing him to seek treble damages. However, Plaintiff is advised that no provision of the statute allows Plaintiff to seek "double" treble damages.

**Claim 3: Failing to Report an Accident**

As for this claim, Plaintiff alleges that Ms. Rabchenko used "a false insurance policy"—Bristol West Inc., when the insurance she should have been using is State of Washington Inc. Arnold and Smith Insurance. It is unclear to the court what Plaintiff's theory of liability is for this claim. In other words, the court does not know what claim Plaintiff is trying to bring. Thus, the court cannot evaluate whether Plaintiff pled sufficient facts to state a claim. Accordingly, the court will dismiss this claim without prejudice and with leave to amend.

If Plaintiff files an amended complaint, he must clarify the legal basis of his claim. To the extent he is alleging fraud, he must plead facts sufficient to show "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447 (1998). He must also establish facts that support each of these elements as to each defendant he sues for fraud.

**C. Instructions for Amendment**

Plaintiff is also advised that if he chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot

refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint be dismissed with leave to amend. If Plaintiff wishes to amend the complaint, he must do so by February 26, 2021.

DATED: January 20, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE